UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JANE DOE, proceeding under a pseudonym,                 Civil Case No.: 1:20-cv-6240 (MKV)

                          Plaintiff,

        - against -

HARVEY WEINSTEIN,

                          Defendant.
-------------------------------------------------------------------- x


**DEFENDANT HARVEY WEINSTEIN'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Imran H. Ansari, Esq.
**AIDALA, BERTUNA & KAMINS P.C.**
546 5th Avenue, 6th Floor
New York, New York, 10036
iansari@aidalalaw.com
(212) 486-0011

Defendant Harvey Weinstein ("Weinstein") submits this opposition to Plaintiff's Motion for Leave to Proceed Under a Pseudonym, and seeking, inter alia, an Order: (i) permitting Plaintiff to proceed in this action under a "Jane Doe" pseudonym; (ii) That Weinstein, Weinstein's counsel, or anyone working in concert with them will not publicly disclose Plaintiff's actual name, (iii) permitting all documents identifying Plaintiff or containing Plaintiff's actual name will be filed under seal and redacted copies of such documents must be filed, and (iv) that the redactions must be made so that Plaintiff's identity or her actual name cannot be discerned from the redacted filings.

As set forth below, Plaintiff's Motion for Leave to Proceed Under a Pseudonym should be denied for the foregoing reasons: (1) Weinstein's interests in defending this action outweigh Plaintiff's concerns; (2) Courts have routinely held that neither humiliation nor embarrassment are sufficient to warrant proceeding under a pseudonym; and (3) without Weinstein knowing her identity, Plaintiff may have already disclosed her own identity through public channels.  If so, the grant of anonymity would be improper for this additional reason. Furthermore, to allow Plaintiff to proceed anonymously will frustrate the Court's, and this nation's Constitution, favor of open proceedings, and will abrogate Weinstein's due process rights.

Plaintiff's motion is formulaic and contains nothing more than perfunctory statements in support of her claimed need for anonymity.  Plaintiff's conclusory statements made in boilerplate fashion echo the scores of affirmations previously filed by parties seeking anonymous filing. It also contains salacious, and insulting, accusations and insinuations that Weinstein, currently incarcerated, and even his counsel, will somehow use the public identity of the Plaintiff in some nefarious way. This suggestion is patently absurd. However, there is nothing to remotely suggest that the Second Circuit intended an anonymous filing to be the normal course action in cases such

as this. Weinstein respectfully challenges what appears to be Plaintiff's solicitation of a blanket determination from the Court that she should be granted anonymity for no compelling reason under the factors considered by this Circuit to warrant such exceptional designation of anonymity. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). For these reasons, and as set forth more fully below, Plaintiff's application should be denied in its entirety.

## RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed a Summons and Complaint for the above-referenced action on August 7, 2020. The action was filed pursuant to 18 U.S.C. § 1591. (Dkt. No. 1). On August 22, 2020, Plaintiff's counsel contacted undersigned, via email, advising that he was counsel for Plaintiff. Plaintiff's counsel provided undersigned a copy of the Complaint and an Order indicating Defendant's August 28, 2020 deadline to respond to this Motion.

## PLAINTIFF'S MOTION SHOULD BE DENIED

There is a presumption against anonymous or pseudonymous pleadings, which is supported by the First Amendment's guarantee of right of public access to courts. *Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006). Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties[.]" *Fed. R. Civ. P.* 10(a). The requirement to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008); *Rosenberg v. City of New York*, No. 20-CV-3911 (LLS), 2020 WL 4195021, at *1 (S.D.N.Y. July 20, 2020). Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life. *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571 (S.D.N.Y. 2004).

Courts have also indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym. *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (collecting cases); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). When a lawsuit involves issues concerning a defendant's actions or a particular incident, as opposed to challenging abstract public policies, open proceedings serve the judiciary's interest in a fair and accurate fact-finding adjudication. *Doe v. Solera Capital LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *2 (S.D.N.Y. Mar. 31, 2019).

District Courts should consider certain factors in determining whether plaintiff may proceed anonymously in civil action, including: (1) whether plaintiff is challenging governmental activity; (2) whether plaintiff would be required to disclose information of utmost intimacy; (3) whether plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether plaintiff would risk suffering injury if identified; and (5) whether party defending against suit brought under pseudonym would be prejudiced. *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996).

These considerations are particularly important where, as here, Plaintiff has publicly named her alleged abuser, alleging sexual abuse that allegedly started more than a decade old. Despite Plaintiff's counsel's baseless insinuations, it is not Weinstein's intent to embarrass or disrespect Plaintiff. The need for an unfettered ability to defend this case necessitates that Weinstein retains the ability to engage in whatever discovery is proper, which, depending upon the circumstances, might require that Plaintiff's name be public.

Here, three statements serve as the basis for Plaintiff's bid to proceed anonymously, both of which are counsel's perfunctory statements: (a) Counsel affirms that the allegations are of a "highly sensitive and of a personal nature;" (b) that "Plaintiff has expressed her desire to keep her

identity concealed from the public as her close family and friends are unaware of the circumstances prompting this lawsuit," and (c) that "Plaintiff's identification poses a risk of mental harm (August 14, 2020 Affirmation of Steven J. Reed, Esq. and Bart Dalton, Esq., pgs. 5-6). In addition to there being absolutely no support for these three patently conclusory statements, this reasoning is insufficient for multiple reasons.

First, the Plaintiff's desire to shield her name is an insufficiently compelling reason for allowing her to proceed anonymously. Were it a practice of the courts to grant blanket anonymity to plaintiffs simply on the basis of their expressed desire to shield their names, presumably every plaintiff in any litigation ever could proceed anonymously. This would be completely untenable, and, as such it is not the standard. Instead, anonymity is not granted as a matter of right, and is within the discretion of this Court, based on a careful consideration of the factors affecting each of the parties.

Second, the potential harm that Plaintiff asserts will result from the full disclosure of her name is far too speculative and abstract to overcome the presumption in favor of openness in judicial proceedings. In theory, every judicial proceeding in which the plaintiff(s)' name has been fully disclosed, whether brought under the cause of action alleged herein or not, could theoretically cause the disclosed plaintiff some kind of abstract harm to their name based on the circumstances. However, proceeding under a pseudonym is not automatically granted on the basis of a plaintiff's speculative apprehension of abstract harm to their name, and instead requires a careful balancing of the interests of the parties.  Here, notably, Plaintiff does not raise particular apprehension of any concrete harm occurring to her directly by anyone, including Weinstein, as a result the disclosure of her identity, other than conclusory and bold insinuations.

Third, Second Circuit Courts have made clear that "Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Guerrilla Girls, Inc.*, 224 F.R.D. 571.  For example, in *Doe v. Skyline Automobiles, Inc.*, an action brought alleging sexual assault, is directly on point. In *Skyline Automobiles*, it was plaintiff's desire to litigate the case under a pseudonym in an effort to protect herself from future harms including retaliation and emotional distress  *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019). In that case, the petitioner alleged that she was sexually assaulted and harassed in 2013. The petitioner's application to remain anonymous was based upon her desire to avoid humiliation and would endure great emotional distress. The *Skyline* court also indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym. *Id*. The plaintiff in that case claimed that "revealing her true identity would only add to her emotional distress", and submitted no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm. *Id. at 3*.  The Skyline court found that projected generalized harm is insufficient, and more is required for a plaintiff to satisfy their burden. Thus, the *Skyline* court denied plaintiff's motion. *Id*. Here, Plaintiff relies on similar reasoning, specifically that "Plaintiff has expressed her desire to keep her identity concealed from the public to protect her privacy and Plaintiff's identification poses a risk of mental harm." (August 14, 2020 Affirmation of Steven J. Reed, Esq. and Bart Dalton, Esq., pgs. 5-6). However, Plaintiff has failed to set forth any evidence lending credibility that she would suffer injury if identified.

However, this vague statement is plainly insufficient.  It is unclear what *specific* harm Plaintiff fears she will suffer, especially considering the already public nature of allegations against Weinstein, and because Plaintiff does not claim she currently maintains any ties with Weinstein, or any person or entity connected in any way to him. Furthermore, it is unclear how Plaintiff's

name appearing in filings in this action will cause her psychological injury rising to heights so extreme and impermissible that the Court should shield her from same. Plaintiff has made the choice to pursue this action and, as such, she must accept the reality that litigation itself is, by its very nature, often an onerous process for an individual. Plaintiff assumed this risk when she brought this action, as every plaintiff does when they bring any action, and, as such, her purported trepidation regarding same does not uniquely position her as a presumptive recipient of the benefit of proceeding in this action under a pseudonym. Accordingly, this Court should not permit her to arbitrarily dictate the fundamental aspects of the litigation process in the name of some unspecified speculative harm.

Moreover, a grant of anonymity to Plaintiff is especially unwarranted here, where it *may* be the case that Plaintiff has already revealed her identity in public forums including, but not limited to, social media and public interviews while simultaneously seeking to maintain anonymity in this court action. The S.D.N.Y. has held that anonymity is not warranted where the plaintiff has previously revealed their name or where the plaintiff's "representatives undermined her purported interest in keeping her personal matters 'private.'" *Doe v. Berg*, 2016 WL 11597923, at \*3 (S.D.N.Y. Feb. 10, 2016), *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (Chin. J.) (denying motion to proceed under pseudonym where "plaintiff has conceded that the press has known her name for some time"). The *Berg* Court found that Plaintiff had failed to identify "any potential risk to [herself] or any non-party that is sufficient to overcome the 'people's ... right to know who is using their courts. *Berg*, 2016 WL 11597923. Plaintiff filed the instant Complaint on August 7, 2020, and has not yet revealed her identity to Weinstein. On August 7, 2020, the same day Plaintiff filed her Complaint, she applied for leave to proceed under a pseudonym for purposes of this litigation. As a result, Weinstein has not yet had sufficient opportunity, within the three weeks that

have elapsed since the Court's said August 7, 2020 Order, to conduct the discovery necessary to determine whether Plaintiff or her counsel have revealed her identity already. However, given the foregoing, and the very public nature of the Weinstein litigation and prosecution, and the public advocacy associated with the "Me Too" movement, at this juncture, this possibility cannot be discounted.

   **WHEREFORE,** for the foregoing reasons, it is respectfully requested that Plaintiff's motion be denied in its entirety.

Dated: New York, New York                          **AIDALA, BERTUNA & KAMINS, P.C.**
       August 27, 2020

                                       By: _____
                                           Imran H. Ansari
                                           546 5th Avenue, 6th Floor
                                           New York, New York 10036
                                           Telephone: (212) 486-0011
                                           iansari@aidalalaw.com
                                           *Attorneys for Defendant Harvey Weinstein*