```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED:  9/3/2020
```

| | |
|---|---|
| JANE DOE, proceeding under a pseudonym,<br><br>                                    Plaintiff,<br><br>              -against-<br><br>HARVEY WEINSTEIN,<br><br>                                    Defendant. | 20-cv-6240 (MKV)<br><br>OPINION & ORDER DENYING<br>MOTION TO<br>PROCEED UNDER A PSEUDONYM |

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is the motion of Plaintiff "Jane Doe" to proceed under a pseudonym. Defendant Harvey Weinstein opposes Plaintiff's motion. For the reasons set forth below, the motion to proceed under a pseudonym is DENIED.

## I.     BACKGROUND

Defendant Harvey Weinstein is a famous film producer [ECF #1 ("Cmpl.") ¶ 5]. Earlier this year, he was found guilty of a criminal sexual act in the first degree and rape in the third degree by a jury in New York state court. *Id.* He is currently incarcerated in the State of New York and awaiting trial on separate changes of rape and sexual assault in Los Angeles. *Id.*

Plaintiff "Jane Doe" is currently proceeding under a pseudonym. She alleges Weinstein "used his prominence in the entertainment industry to lure [her] into sex acts with him by fraud and force." *Id.* ¶ 1. She alleges that, on numerous occasions, beginning when she was 22 years old, Weinstein "entice[d]" her to meet him in hotel suites or travel to certain "locales" under the pretext that he would help her with her acting career and then used physical force to rape her or force her to engage in other sex acts. *Id.* ¶ 21; *see id.* ¶¶ 11, 12, 22, 31, 40.

Plaintiff initiated this action by filing a complaint, asserting a claim under the Trafficking Victims Protection Act, 18 U.S.C. § 1591 [ECF #1 ("Cmpl.")]. She simultaneously moved *ex*

*parte* for leave to proceed under a pseudonym, which the judge assigned to Part I granted for 14 days or until further order of the assigned district judge [ECF #4]. One week later, Plaintiff filed a renewed *ex parte* motion for leave to proceed anonymously with this Court [ECF #6 ("Pl. Mem.")]. The Court issued an order, dated August 21, 2020, granting Plaintiff's renewed motion "for an additional 14 days only, or until further order of this Court," directing Plaintiff to serve copies of the complaint and her motion to proceed under a pseudonym on Weinstein, and directing Weinstein to respond [ECF #9]. He timely filed his response in opposition to Plaintiff's motion [ECF #11 ("Def. Mem.")].

## II.    DISCUSSION

In arguing that she should be permitted to press her claim under a pseudonym, Plaintiff stresses that she brings allegations of sexual assault. Pl. Mem. 2, 3, 5. She accuses Weinstein of "harassing his accusers." *Id*. at 2 & nn. 1–3, 5. She also argues that Weinstein would not be prejudiced because she would reveal her name to him and his attorneys on the condition that they would keep it confidential. *Id.* at 5–6. Weinstein responds that neither allegations of sexual assault, nor humiliation from disclosure of her identity is sufficient to entitle Plaintiff to proceed under a pseudonym. Def. Mem. 2, 4, 6. He argues that Plaintiff's alleged risk of harm from public disclosure is both speculative and insufficient to overcome the presumption in favor of openness in judicial proceedings. *Id*. at 5. He stresses that Plaintiff is an adult who "made the choice to pursue this action" and "must accept the reality that litigation" is often burdensome for the parties involved. *Id*. at 7.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d

Cir. 2008). The Second Circuit has admonished that this Rule "cannot be set aside lightly." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this "right is 'supported by the First Amendment.'" *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)).

In limited circumstances, however, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotation marks and citation omitted). The district court must also consider the interests of the opposing party. *Id.* ("the interests of both the public and the opposing party should be considered."). Plaintiffs "seeking anonymity must base their allegations" about these competing interests "on more than just 'mere speculation.'" *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, 14-cv-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)). The Second Circuit reviews the decision to grant or deny an application to litigate under a pseudonym for abuse of discretion. *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020).

In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit identified a "non-exhaustive" list of considerations that a district court should take into account when ruling on a motion to proceed anonymously. 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more

critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted). A district court is not required to list each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4.

### A. Factor 1: This Litigation Involves Highly Sensitive and Personal Allegations, but this Factor is Not Dispositive.

Plaintiff alleges that Weinstein repeatedly "lure[d]" her "into sex acts with him by fraud and force." Cmpl. ¶ 1. Her allegations of sexual assault are "highly sensitive and of a personal nature," and, thus, the first factor of *Sealed Plaintiff* weighs in Plaintiff's favor. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405; *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020). However, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *Townes*, 2020 WL 2395159, at *3. Courts in this district have explained that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (citing *Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (collecting cases)). Indeed, courts have denied motions to proceed under a pseudonym in similar circumstances. *See id.* (denying the motion

4

despite finding that the plaintiff's allegations of sexual assault were "highly sensitive and of an extremely personal nature"); *Townes*, 2020 WL 2395159, at *3, 6, 7 (denying motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity based on "graphic and serious" allegations of a "history" of sexual abuse); *Shakur*, 164 F.R.D. at 361 (denying motion despite finding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns").

B.  Factors 2 and 3: Plaintiff's Allegations of Harm Are Insufficient.

The second factor of *Sealed Plaintiff* is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." 537 F.3d at 190. Plaintiff argues that this factor weighs in favor of anonymity because having her "traumatic . . . experiences played out in a public forum could spark more trauma." Pl. Mem. 5. She asserts the "[m]uch has been written about Weinstein harassing his accusers," citing several magazine articles. *Id.* at 2 & nn. 1–3. Specifically, she asserts that his "tactics include hiring investigators to compile . . . profiles of his accusers' personal or sexual histories and having his associates place threatening phone calls to them." *Id.* at 2. She asserts that he "feeds damaging stories about the accuser to gossip columnists." *Id.* She also cites as evidence of retaliatory mental harm Weinstein's criminal counsel arguing on television that his accusers are "women who don't want to take certain responsibilities for their actions." *Id*. Weinstein responds that Plaintiff's allegations of potential harm are too speculative and insufficient to outweigh the presumption in favor of openness in judicial proceedings and his interest in full disclosure. Weinstein is correct.

"The risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously." *Doe v. Solera Capital LLC*, 18-cv-

1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019).  However, the potential injury alleged must be more than "mere embarrassment" or "social stigmatization."  *Id.*; *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*, 14-cv-5601, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) ("the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity).  For example, a court in this circuit allowed a plaintiff to proceed anonymously when she "provided specific evidence from medical professionals predicting that revelation of her identity would likely 'cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life.'"  *Id.* (quoting *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999)).  Moreover, plaintiffs "must base their allegations" of mental harm "on more than just 'mere speculation.'"  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, at *3).  Indeed, a court in this district explained that, although a plaintiff specifically alleged that she suffered from post-traumatic stress disorder and that her condition would be exacerbated by disclosure of her identity, the plaintiff did not provide "any medical corroboration," and the court could not "speculate" about the nature and severity of any mental injury from disclosure.  *Solera Capital LLC*, 2019 WL 1437520, at *4; *see Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (explaining that, because "speculative claims of . . . mental harms are insufficient," "courts have suggested that a plaintiff should submit medical documentation").

Plaintiff generally alleges that public disclosure of her identity could "spark . . . trauma." Pl. Mem. 5.  Without corroboration from medical professionals, however, her general allegation of potential trauma is "mere speculation" about a risk of psychological injury that cannot support her motion to proceed under a pseudonym, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3).  Plaintiff also accuses Weinstein of specific "tactics"

6

that, if Weinstein used them against her, could subject her to severe public humiliation, including hiring an investigator to investigate her sexual history, "feed[ing] damaging stories about [her] to gossip columnists," and publicly arguing that she simply does not want to take responsibility for her own actions. Pl. Mem. 2. The Court is sympathetic, but Plaintiff's concerns do not outweigh the interests of both the public and Weinstein in "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. Weinstein is entitled to investigate the background of someone who sues him. Plaintiff "has chosen to bring this lawsuit," leveling "serious charges" against Weinstein and, therefore, she "has put her credibility in issue." *Shakur*, 164 F.R.D. at 361. Media outlets of all stripes have a constitutional right to print and air on television stories about this case. *See New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) (discussing the First Amendment right of access to civil proceedings). Even when a defendant's "notoriety will likely cause [a] case to attract significant media attention," a plaintiff's concerns about "public humiliation and embarrassment" generally are "not sufficient grounds for allowing [her] to proceed anonymously." *Shakur*, 164 F.R.D. at 362 (denying a motion to proceed under a pseudonym brought by an alleged sexual assault victim, notwithstanding the fame and notoriety of the alleged perpetrator, the rapper Tupac Shakur, and the media attention her case was likely to attract). On the contrary, as the Court explains below, the public's interest in allegations against Weinstein, including the identities of his accusers, some of whom are public figures, weighs against granting Plaintiff's motion.

Plaintiff also alleges that Weinstein might take private retaliatory action against her, such as having an associate "place threatening phone calls," presumably in an effort to intimidate her and dissuade her from pursuing her claim against Weinstein. Pl. Mem. 2. The Court admonishes

7

Weinstein and his counsel, in the strongest possible terms, to refrain from any action that would substantiate this allegation. Any effort to tamper with any witness in this case will be met with severe consequences. However, Plaintiff's speculation that Weinstein might use his knowledge of her identity to send her threatening messages does not support her motion. Plaintiff proposes to "offer her name to Weinstein and his counsel on the condition that they would not disclose her name to the public." Pl. Mem. 6. Keeping Plaintiff's name confidential from the public does nothing to address her concern about the possibility of private retaliation. *See Doe v. United States*, 16-cv-7256, 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) (explaining that, if the defendant is aware of the plaintiff's identity, permitting the plaintiff to proceed anonymously "would do nothing to protect him" from retaliation by the defendant); *Shakur*, 164 F.R.D. at 362 (finding no support for motion where alleged source of any harassment is aware of the plaintiff's identity). Thus, neither Plaintiff's speculation about the possibility of "trauma," nor her concerns about public humiliation, nor her allegations about the possibility of retaliation supports granting her motion to proceed under a pseudonym.

Finally, with respect to the second factor, courts are especially concerned with "innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190; *see also Solera Capital LLC*, 2019 WL 1437520, at *4. Plaintiff does not contend that her identification poses a risk of harm to any innocent non-parties. The third factor of *Sealed Plaintiff* is similar to the second. The Court must consider whether identification presents "other" severe harms. 537 F.3d at 190. Plaintiff does not argue that she faces any other harms. The Court finds that Plaintiff's allegations of potential harm are speculative and insufficient to justify anonymity.

C. <u>Factor 4 Weighs Against Anonymity.</u>

The fourth factor of *Sealed Plaintiff* is "whether the plaintiff is particularly vulnerable," "particularly in light of [her] age." 537 F.3d at 190. Plaintiff is an adult. She was an adult when she allegedly met Weinstein. She has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny. Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at *5.

D. <u>Factor 5 Weighs Against Anonymity</u>.

The fifth factor of *Sealed Plaintiff* is "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. Courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties. *Townes*, 2020 WL 2395159, at *5. Weinstein is a private party. Factor five weighs against Plaintiff.

E. <u>Factor 6 Does Not Weigh in Favor of Anonymity.</u>

The sixth factor of *Sealed Plaintif* is "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." 537 F.3d at 190. As noted above, Plaintiff seeks to "offer her name to Weinstein and his counsel on the condition that they would not disclose her name to the public." Pl. Mem. 6. She argues that Weinstein would still be able to "depose any witnesses and request documents" and that, "[o]ther than redacting his pleadings and not disclosing Plaintiff's identity, Weinstein will not be hampered by Plaintiff's anonymity in court papers." *Id*. (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001)). Weinstein responds that his "need for an unfettered ability to defend this case necessitates that Weinstein retains the ability to engage in whatever discovery is proper, which, depending upon the circumstances, might require that Plaintiff's name be public." Def. Mem. 4.

The Court cannot accept Plaintiff's "mere speculation," *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3), that Weinstein's defense would not be prejudiced by the condition that he "not disclose her name to the public," Pl. Mem. 6, with no clear definition of what would constitute disclosure to "the public." Plaintiff implicitly concedes that Weinstein might need to disclose her name to at least some third parties, since she appears to suggests that he redact her name from witness depositions. *See* Pl. Mem. 6. Moreover, "this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings." *Michael v. Bloomberg L.P.*, 14-cv-2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (denying a motion to proceed under a pseudonym where the plaintiff "ha[d] offered to disclose his true identity to [the defendant], as long as it remain[ed] under seal"). Thus, the sixth factor does not weigh in favor of Plaintiff's anonymity.

F.  Factor 7: That Plaintiff has Kept her Identity Confidential
    Weighs in her Favor, But this Factor Is Not Dispositive.

The seventh factor of *Sealed Plaintiff* is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Plaintiff asserts that she "has kept her identity confidential." Pl. Mem. 6. Specifically, she asserts that she "has made no public statements about these matters" and that even her "close family and friends are unaware of the circumstances prompting this lawsuit." *Id*. Weinstein responds that he would need to conduct discovery to determine whether she has kept her identity confidential. Def. Mem. 8. He correctly points out that courts have swiftly rejected motions to proceed under a pseudonym where the plaintiff's identity was already known to the press. *See Doe v. Berg*, 15-cv-9787, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016); *Shakur*, 164 F.R.D. at 362. Weinstein asserts that, given the "very public nature" of the various allegations against him and "the public advocacy associated with the 'Me Too'

10

movement," the Court should not discount the possibility that Plaintiff or her counsel has already revealed her identity. *Id.*

Assuming that Plaintiff has kept her identity confidential thus far, the Court nonetheless finds that the balance of interests weighs against granting Plaintiff's motion to proceed under a pseudonym. As discussed below, the public's interest in this case includes an interest in knowing Plaintiff's identity. And, as explained above, courts have found less reason to grant such a motion where an allegedly retaliatory defendant knows the plaintiff's identity, which would be the situation here. *See Doe v. United States*, 2017 WL 2389701, at *3; *Shakur*, 164 F.R.D. at 362. Thus, the seventh factor weighs somewhat less strongly in favor of Plaintiff, while many of the other factors weigh against anonymity.

### G. Factors 8 and 9 Weigh Against Anonymity.

The eighth factor of *Sealed Plaintiff* is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id.* These factors clearly weigh against granting Plaintiff's motion to proceed under a pseudonym.

As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. There is great public interest in not only the allegations against Weinstein, but also in the identities of his accusers, some of whom are also public figures. This is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Thus, "open proceedings . . . benefit the public as well as the parties and also serve the

11

judicial interest in accurate fact-finding and fair adjudication." *Id.* Indeed, it is the kind of case that "further the public's interest in enforcing legal and social norms." *Id.*; *see also, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Plaintiff responds that the public interest weighs in favor of her anonymity so that victims of sexual assault will not be deterred from vindicating their rights. "It may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result. For the reasons discussed above, however, plaintiff and others like her must seek vindication of their rights publicly." *Shakur*, 164 F.R.D. at 362. Thus, the Court finds that factors eight and nine weigh against anonymity.

### H.  Factor 10 Weighs Against Blanket Anonymity.

The tenth and final factor of *Sealed Plaintiff* is whether any alternative mechanisms could protect the plaintiff's interests in confidentiality. 537 F.3d at 190. Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, *see Berg*, 2016 WL 11597923, at *3, or a protective order, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Thus, factor ten weighs against Plaintiff's motion.

### I.  The Balance of Interests Weighs Against Anonymity.

The Court finds that the balance of interests at stake weigh against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. The Court finds that Plaintiff does have an interest in keeping her identity private. The Court further finds that some of the *Sealed Plaintiff* factors weigh in Plaintiff's favor. However, those findings are not dispositive, and other factors weigh heavily against anonymity. On balance, the Court finds

that Plaintiff has not provided sufficient justification to overcome the people's right to know who is using their courts. *See id.*

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym is DENIED.

**SO ORDERED.**

Date:  **September 3, 2020**                             *[signature: Mary Kay Vyskocil]*
       **New York, NY**                                              **MARY KAY VYSKOCIL**
                                                         **United States District Judge**